IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LINDA S. BROWN, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:12-cv-01048 |
| ) | Judge Sharp / Knowles |
| v. ) | |
| ) | |
| CAPE ENVIRONMENTAL ) | |
| MANAGEMENT CAPE, INC. ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5), for "insufficient service of process, and, consequently, lack of personal jurisdiction." Docket No. 9. Defendant has contemporaneously filed a supporting Memorandum of Law and the Declaration of Tracy Hogan ("Hogan Dec."). Docket Nos. 10, 10-1. Defendant argues that it has not been properly served, and that accordingly, this action should be dismissed. *Id.*

Plaintiff, who is proceeding pro se and in forma pauperis, has not responded to Defendant's Motion.

Plaintiff filed this Title VII employment discrimination and retaliation case on October 12, 2012. See Docket No. 1. As of December 7, 2012, Defendant contends that it has not been properly served. Docket No. 10.

The record reflects that a copy of the Complaint and Summons for this matter, addressed to "Cape Environmental Management Cape, Inc., 205 A. Industrial Parkway, Saraland, Alabama,

1

36571," was delivered to Ms. Tracy Hogan, an Administrative Assistant working in Defendant's Saraland, Alabama facility. Hogan Dec., 4, 5. The record further reflects that, as an Administrative Assistant, Ms. Hogan was not an officer or agent of Defendant authorized to accept service on behalf of Defendant, nor was she a registered agent available to accept service on behalf of Defendant on file with either the Tennessee or Alabama Secretary of State's office. *Id.*, 5-6. Additionally, the record reflects that Ms. Hogan has never accepted service on behalf of Defendant during her tenure working with the Company. *Id.*, 7.

Service of Process is governed by Fed. R. Civ. P. 4, and its Tennessee counterpart (Tenn. R. Civ. P. 4.04(4) and (10)). Those Rules, however, must be read in light of 28 U.S.C. §1915(d), which provides: "The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases. . . ." Because of Plaintiff's in forma pauperis status, service of process was carried out by the US Marshals Service. *Id. See also*, Docket Nos. 6; 8.

Defendant is correct that neither the Complaint, the Summons, the Process Receipt, nor the Return Form contained the name of an officer or agent of Defendant authorized to accept service on behalf of the Corporation. *See* Docket No. 8. As has been noted, Administrative Assistant Tracy Hogan signed for the documents, but Ms. Hogan was not an officer or agent of Defendant authorized to accept service on behalf of Defendant, nor was she a registered agent available to accept service on behalf of Defendant on file with either the Tennessee or Alabama Secretary of State's office. Accordingly, Defendant has not been properly served. While it is true that Defendant has not been properly served, as noted above, service of process in this case was carried out by the US Marshals Service, and not by Plaintiff. *See* Docket Nos. 6; 8.

Although Defendant is correct that a plaintiff generally bears the burden of establishing

2

that process and service of process have been effected in a manner compliant with Fed. R. Civ. P. 4, the Sixth Circuit, in Byrd v. Stone, explained:

> In the case of a plaintiff proceeding in forma pauperis, however, the assumption is that, because the plaintiff cannot pay fees and costs, it is likely the plaintiff cannot afford to hire a process server. For this reason, . . . when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

94 F.3d 217, 219 (6th Cir. 1996)(internal citations omitted).

The Sixth Circuit, in Byrd, ultimately held that the failure of the District Court Clerk and the United States Marshals Service to "accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constituted good cause for plaintiff's failure to timely serve defendant." 94 F.3d 217 (6th Cir. 1996).

The record in this case shows that Judge Sharp's Order granting Plaintiff leave to proceed in forma pauperis directed the Clerk to "issue process to the defendant(s)." Docket No. 4, p. 2. The Clerk issued one summons stating Defendant's name and address as:

> Cape Environmental Management Cape, Inc.
> 205 A. Industrial Parkway
> Saraland, AL 36571

Docket No. 6.[1]

The Marshal's service served the Summons and Complaint upon that Defendant via certified mail. Docket No. 8.

---

[1] Presumably, the Clerk obtained this information from Plaintiff's Complaint (Docket No. 1).

In view of the foregoing, it is difficult to blame anyone for the fact that Defendant was not properly served. It is clear, however, that no fault is attributable to Plaintiff. Under the reasoning of *Byrd* it would be inappropriate to dismiss this action because of insufficient service of process.

At the same time, however, Defendant has the right to be properly served under the appropriate rules. Thus, the undersigned recommends that the Clerk be directed to send two service packets [a blank summons and USM-285 Form] to Plaintiff.[2] The undersigned further recommends that Plaintiff be ordered to complete the service packet(s) and return them to the Clerk's Office within twenty (20) days of the receipt of this Order. Once the service packet(s) have been returned to the Clerk's Office, process should issue to Defendants.

For the foregoing reasons, the instant Motion (Docket No. 9) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[2]It is unclear to the Court whether Plaintiff has sued one or two Defendants.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge